HENRI LEROY, Respondent, *v.* THE CLAUS-LIPSIUS BREWING COM-
PANY and WILLIAM C. GLUCK, Appellants.

*Malicious prosecution — what evidence of a conversation between the plaintiff and the
president, also the mother of the vice-president, of the defendant company justifies a
reversal.*

Upon the trial of an action to recover damages for a malicious prosecution, in
which a judgment was rendered in favor of the plaintiff, he was allowed to
testify to a conversation which took place between himself and the president
of the defendant company, the mother of its vice-president, concerning which
he testified: "She told me that this man, her son, had treated her also so
rudely, unsonly, I should say, that for the last three days he had passed her
and not even bid her the time of day."

*Held,* that the evidence was improperly admitted; that it might have prejudiced
the defendants, and consequently that a new trial should be granted.

APPEAL by the defendants, The Claus-Lipsius Brewing Company
and another, from a judgment of the Supreme Court in favor of
the plaintiff, entered in the office of the clerk of the county of
Kings on the 11th day of February, 1898, upon the verdict of a
jury, and also from an order made at the Kings County Trial Term,
and entered in said clerk's office on the 11th day of February, 1898,
denying the defendants' motion for a new trial made upon the min-
utes, and also upon the ground of newly-discovered evidence.

The action was brought to recover damages for malicious prose-
cution. The jury rendered a verdict for the plaintiff for $5,000.

*Charles J. Patterson* [*Donald F. Ayres* with him on the brief],
for the appellants.

*John F. Clarke,* for the respondent.

WOODWARD, J. :

A careful examination of the merits of this case, as well as the
motion for a new trial upon the ground of newly-discovered evi-
dence, discloses no reason for disturbing the judgment or the con-
clusion of the trial court. The only question, therefore, which it
seems necessary to discuss, is one of evidence. The plaintiff had
told the jury of his visit to Mrs. Lipsius, the president of the brew-
ing company, but who did not, as it appears from the evidence, take
an active part in the management of the business, though she kept
in touch with it through her son, Mr. Claus, who lived with her,

and who was the vice-president of the company. He had testified : " She said that she was very much surprised that I was going to give up my position ; that she thought everything was in harmony and always had heard the best of me; and then she told me that she did not want me to leave, but that she would be down the next morning in the office and bring us together again. Yes, to smooth the matter over again ; and she at that time complained to me of the bad treatment she had received of her son Henry." At this point he was asked : " What did she say ? " This was objected to as immaterial. The objection was overruled and an exception taken. He then answered : " She told me that this man, her son, had treated her also so rudely, unsonly, I should say, that for the last three days he had passed her and not even bid her the time of day." This was objected to as having no bearing upon the case, and a motion to strike out was denied, to which defendants excepted. The son Henry, referred to above, is Mr. Claus, the vice-president of the company ; and it is now urged by the defendants that the admission of this testimony had a tendency to prejudice the jury against Mr. Claus and that it was error.

While we are unable to say that the jury would have reached any other result had this testimony been excluded, it must be admitted that testimony as to the conduct of Mr. Claus toward his mother had no legitimate place in the case, and it may have operated to increase in the minds of the jury the presumption of malice raised by the lack of probable cause for the original prosecution, and thus to have increased the damages which they were willing to award. If this was the view of the testimony taken by the jury — and we are not prepared to say that it was not — it was clearly prejudicial to the defendants, and not being within the legitimate scope of the inquiry before the jury, it was reversible error to permit it to remain as a part of the evidence to be considered in reaching a verdict. For this reason the judgment must be reversed and a new trial granted, costs to abide the event.

All concurred, except HATCH, J., absent.

Judgment and order reversed and new trial granted, costs to abide the event.

Appeal from order refusing new trial on the ground of newly-discovered evidence dismissed, without costs.